STATE OF CONNECTICUT *v.* ARTHUR MOLLO III
(AC 19324)

Foti, Mihalakos and Daly, Js.

Argued February 28—officially released May 22, 2001

*Monte P. Radler,* supervisory assistant public defender, with whom, on the brief, was *Christian Joyel Haave,* special public defender, for the appellant (defendant).

*Bruce R. Lockwood,* assistant state's attorney, with whom, on the brief, was *Eugene Callahan,* state's attorney, and *James Bernardi,* senior assistant state's attorney, for the appellee (state).

*Opinion*

FOTI, J. The defendant, Arthur Mollo III, appeals from the order of the trial court dismissing his motion to correct an illegal sentence, which he filed pursuant to Practice Book § 43-22. On appeal, the defendant claims that the court improperly concluded that it lacked jurisdiction to consider the motion. We affirm the judgment of the trial court.

As a result of a plea bargain, the defendant, on August 31, 1990, entered pleas of guilty to burglary in the second degree in violation of General Statutes § 53a-102 and disorderly conduct in violation of General Statutes § 53a-182. The court, *Katz, J.,* sentenced the defendant to a total effective term of ten years incarceration, execution suspended, with five years probation. Thereafter,

the defendant was convicted in federal court on a firearms offense. Under a "three strikes" statute, the application of which included his Connecticut felony conviction for burglary in the second degree, he received an "enhanced" federal sentence of seventy-eight months.[1] The defendant finished serving his Connecticut sentence upon his completion of probation in 1995. On July 8, 1998, the defendant filed a motion pursuant to Practice Book § 43-22, formerly § 935, to vacate his 1990 burglary conviction because it constituted an illegal disposition. The defendant claimed that a latent defect existed as to the factual basis for his guilty plea[2] to burglary in the second degree in that § 53a-102[3] requires entry or remaining in a "dwelling," whereas he was in a common hallway not under the exclusive control of the victims. By his motion, the defendant sought to have the court vacate the burglary conviction and substitute a conviction for criminal trespass in the first degree in violation of General Statutes § 53a-107, a misdemeanor, in its place.[4] In his motion, the defendant did not seek to withdraw his guilty plea,

[1] The record discloses a scheduled release date of October 15, 2002.

[2] At the time of canvassing, the defendant, who was represented by the same counsel as on appeal, indicated to the court that he had "[p]lenty" of time to speak to counsel about the case, he was satisfied with the advice of counsel, counsel had explained to him the essential elements of burglary in the second degree and that he had no questions about that offense or the offense of disorderly conduct. The defendant also acknowledged that he understood that once the court accepted his plea, he would be unable to withdraw it "except in the most extraordinary circumstances." The court found that a factual basis existed for both pleas and as part of the plea bargain terminated two probations that the defendant had been on.

[3] General Statutes § 53a-102 (a) provides: "A person is guilty of burglary in the second degree when he enters or remains unlawfully in a dwelling at night with intent to commit a crime therein."

[4] A lesser offense included within burglary in the second degree is burglary in the third degree in violation of General Statutes § 53a-103, a felony that requires unlawful entry or remaining in a "building" rather than in a "dwelling." The state argues that vacating the conviction for burglary in the second degree might, at best, result in a conviction for burglary in the third degree, which also is a felony.

but rather to substitute a lesser misdemeanor disposition as a conviction[5] on the ground that the plea lacked a factual basis.[6] The court, *Comerford, J.*, dismissed the defendant's motion on the ground that Practice Book § 43-22[7] did not authorize the court to vacate the conviction. The court determined that it lacked jurisdiction to entertain the motion.

"The jurisdiction of the sentencing court terminates when the sentence is put into effect, and that court may no longer take any action affecting the sentence unless it has been expressly authorized to act. *State* v. *Walzer*, 208 Conn. 420, 424–25, 545 A.2d 559 (1988)." *State* v. *Tuszynski*, 23 Conn. App. 201, 206, 579 A.2d 1100 (1990). Practice Book § 43-22 provides such authority and permits the trial court to correct an illegal sentence at any time. *State* v. *Daniels*, 207 Conn. 374, 387, 542 A.2d 306, after remand for articulation, 209 Conn. 225, 550 A.2d 885 (1988), cert. denied, 489 U.S. 1069, 109 S. Ct. 1349, 103 L. Ed. 2d 817 (1989); *State* v. *Guckian*, 27 Conn. App. 225, 245, 605 A.2d 874 (1992), aff'd, 226 Conn. 191, 627 A.2d 407 (1993).

We recognize the principle that a sentence imposed within statutory limits is generally not subject to review. *State* v. *McNellis*, 15 Conn. App. 416, 445, 546 A.2d 292, cert. denied, 209 Conn. 809, 548 A.2d 441 (1988). "A judgment of conviction must conform to the crime with which the defendant was charged, and the sentence imposed must conform to that crime." *State* v. *Gamble*, 27 Conn. App. 1, 11, 604 A.2d 366, cert. denied, 222 Conn.

---

[5] See footnote 4.

[6] The defendant concedes that he may not withdraw his guilty plea pursuant to Practice Book § 39-27 (5) on the ground that it was without a factual basis because Practice Book § 39-26 precludes the withdrawal of a guilty plea after the conclusion of sentencing.

[7] Practice Book § 43-22 provides: "The judicial authority may at any time correct an illegal sentence or other illegal disposition, or it may correct a sentence imposed in an illegal manner or any other disposition made in an illegal manner."

901, 606 A.2d 1329 (1992). In this case, the judgment of conviction, following the plea of guilty, conformed to the crime charged, burglary in the second degree. Accordingly, the defendant's conviction was neither illegal nor subject to challenge pursuant to Practice Book § 43-22. Here, the sentence imposed was, without dispute, facially valid. An illegal sentence is one that exceeds the maximum statutory limits, does not satisfy the mandatory minimum, violates double jeopardy rights, is ambiguous or is internally contradictory. See *State* v. *Daniels*, supra, 207 Conn. 387; *State* v. *Dennis*, 30 Conn. App. 416, 423 n.9, 621 A.2d 292, cert. denied, 226 Conn. 901, 625 A.2d 1376 (1993).

The defendant does not claim that the court imposed the sentence in an illegal manner but, rather, that the concept of "illegal sentence" under Practice Book § 43-22 includes any sentence based on a "voidable" conviction. We do not agree.

Assuming arguendo that the defendant's conviction could somehow be considered "voidable" under the circumstances of this case, we view the relief allowed by Practice Book § 43-22 to require, as a precondition, a valid conviction. The purpose of Practice Book § 43-22 is not to attack the validity of a conviction by setting it aside but, rather to correct an illegal sentence or disposition, or one imposed or made in an illegal manner.

The defendant's reliance on *Myers* v. *Manson*, 192 Conn. 383, 387, 472 A.2d 759 (1984), and *State* v. *Raucci*, 21 Conn. App. 557, 559, 575 A.2d 234, cert. denied, 215 Conn. 817, 576 A.2d 546 (1990), is misplaced. We do not view either case as standing for the proposition that Practice Book § 43-22 may be an avenue to attack the validity of a conviction. The issue in *Raucci* addressed whether "the trial court when correcting an illegal sentence pursuant to Practice Book § 935 [now

§ 43-22] *after* a multicount conviction has been partially set aside, may restructure the entire sentencing plan in order to effectuate its original sentencing intent." (Emphasis added; internal quotation marks omitted.) *State* v. *Dennis*, supra, 30 Conn. App. 427 n.11. In *Myers*, the defendant sought to place the burden of proving competency, at the time of his guilty plea, on the state. In a footnote, our Supreme Court noted that the defendant did not seek a psychiatric examination or move to withdraw his plea or "to correct an illegal sentence. Practice Book § 935 [now § 43-22]." *Myers* v. *Manson*, supra, 387 n.6. We do not agree that this is an indication that Practice Book § 43-22 can be used to attack the validity of a conviction.

A rule of practice may not confer jurisdiction on the trial court. *Simms* v. *Warden*, 229 Conn. 178, 184, 640 A.2d 601 (1994). Because the judiciary cannot confer jurisdiction on itself through its own rule-making power, Practice Book § 43-22 is limited by the common-law rule that a trial court may not modify a sentence if the sentence was valid and execution of it has begun. See *Kohlfuss* v. *Warden*, 149 Conn. 692, 695, 183 A.2d 626, cert. denied, 371 U.S. 928, 83 S. Ct. 298, 9 L. Ed. 2d 235 (1962). Further, we must recognize society's interest in the finality of judgments; see *Summerville* v. *Warden*, 229 Conn. 397, 428, 641 A.2d 1356 (1994); and the concept of inspiring confidence in the integrity of our procedures. We conclude that the court properly determined that it lacked jurisdiction over the defendant's case and, therefore, dismissed his motion.

The judgment is affirmed.

In this opinion the other judges concurred.