STATE OF CONNECTICUT *v.* SCOTT LEWIS
(AC 29167)

Bishop, McLachlan and Harper, Js.

Argued March 25—officially released June 17, 2008

*Scott Lewis*, pro se, the appellant (defendant).

*Christopher T. Godialis*, senior assistant state's attorney, with whom, on the brief, was *Michael Dearington*, state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Scott Lewis, appeals from the judgment of the trial court dismissing his motion to correct an illegal disposition. The defendant claims that, in determining that it lacked subject matter jurisdiction, the court improperly construed Practice Book § 43-22. We affirm the judgment of the trial court.

The defendant was convicted, in 1995, of two counts of murder in violation of General Statutes §§ 53a-8 and 53a-54a, and two counts of felony murder in violation

■■■■■■■

of General Statutes § 53a-54c.[1] Our Supreme Court affirmed the defendant's conviction following his direct appeal. See *State* v. *Lewis*, 245 Conn. 779, 717 A.2d 1140 (1998).[2]

The defendant thereafter filed a motion to correct an illegal disposition pursuant to Practice Book § 43-22, claiming that our Supreme Court, in affirming his conviction, had "relied upon . . . false and wilfully excluded facts . . . in rendering its decision."[3] The state filed a motion to dismiss for lack of subject matter jurisdiction, claiming that a motion to correct pursuant to § 43-22 "is an inappropriate vehicle for challenging a sentence based on some alleged defect in the conviction." The court granted the motion to dismiss, reasoning that "[t]he defendant's motion does not . . . address the sentence or disposition of his case. His only attack is on the validity of the underlying conviction." This appeal followed.

The plaintiff claims that the court, in granting the state's motion to dismiss, overlooked the import of his motion to correct. He argues that the court improperly assumed that he had filed a motion to correct an illegal *sentence* pursuant to § 43-22, whereas he had actually filed a motion to correct an illegal *disposition*. The defendant indicates that § 43-22 clearly provides in relevant part that "[t]he judicial authority may at any time correct an illegal sentence *or other illegal disposition* . . . ." (Emphasis added.) He contends that the claim asserted by his motion to correct, which was that there

---

[1] The defendant subsequently was sentenced to a term of incarceration of 120 years.

[2] Because the defendant had been convicted of both murder and felony murder with respect to each of two victims, the Supreme Court directed the merger of the felony murder convictions with the murder convictions.

[3] Specifically, the defendant claimed that, due to an incorrect transcript having been filed with our Supreme Court, that court, at the time it considered the direct appeal, was under the improper belief that a third party, whose hearsay statements the defendant had sought to introduce at trial, had not been proven to have been unavailable at trial and that the state knowingly declined to draw the court's attention to this error.

existed a fault in the appeals process, is encompassed within the phrase "other illegal disposition." We do not agree.

Before we address the merits of the defendant's claim, we must first discuss the principles of subject matter jurisdiction that guide our resolution of his claim. "In the absence of statutory or constitutional provisions, the limits of [the trial court's] jurisdiction are delineated by the common law." *State* v. *Luzietti*, 230 Conn. 427, 431, 646 A.2d 85 (1994). Although "the [trial] court loses jurisdiction over the case when [a] defendant is committed to the custody of the commissioner of correction and begins serving [his] sentence"; id., 432; § 43-22 embodies a common-law exception that permits the trial court to correct an illegal sentence or other illegal disposition. See *State* v. *Lawrence*, 281 Conn. 147, 155, 913 A.2d 428 (2007). Thus, if the defendant cannot demonstrate that his motion to correct falls within the purview of § 43-22, the court lacks jurisdiction to entertain it. Furthermore, "[o]ur standard of review governing an appeal from a judgment granting a motion to dismiss on the ground of lack of subject matter jurisdiction concerns a question of law and is plenary." *Mercer* v. *Rodriquez*, 83 Conn. App. 251, 255, 849 A.2d 886 (2004).

It is well settled that "[t]he purpose of . . . § 43-22 is not to attack the validity of a conviction by setting it aside but, rather to correct an illegal sentence or disposition . . . ." *State* v. *Mollo*, 63 Conn. App. 487, 491, 776 A.2d 1176, cert. denied, 257 Conn. 904, 777 A.2d 194 (2001); see also *State* v. *Lawrence*, supra, 281 Conn. 158. Therefore, "the relief allowed by . . . § 43-22 . . . require[s], as a precondition, a valid conviction." *State* v. *Mollo*, supra, 491. It is clear to us that the defendant's motion to correct, regardless of whether framed as a motion to correct an illegal sentence or a motion to correct an illegal disposition, solely challenges his conviction rather than the sentence or disposition of that conviction. His claim that our Supreme

Court relied on a faulty factual basis in rejecting an evidentiary challenge and, thus, affirming his conviction, amounts to a direct attack on the validity of his conviction.[4] Accordingly, the trial court was correct to conclude that it lacked subject matter jurisdiction to review the defendant's claim pursuant to § 43-22.

The judgment is affirmed.

---

[4] We note that our decision today does not preclude the defendant from pursuing his claim via other remedies available at law, including a petition for a writ of habeas corpus. See, e.g., *Flaherty* v. *Warden,* 155 Conn. 36, 39, 229 A.2d 362 (1967) ("[w]here a person is confined pursuant to a judgment, the validity of his detention under that judgment is the proper issue to be determined [in a writ of habeas corpus]").