STATE OF CONNECTICUT *v.* LUIS E. DELGADO
(AC 29540)

Bishop, DiPentima and Gruendel, Js.

Argued May 28—officially released August 11, 2009

*Luis E. Delgado*, pro se, the appellant (defendant).

*Nancy L. Chupak*, senior assistant state's attorney, with whom, on the brief, was *Matthew C. Gedansky*, state's attorney, for the appellee (state).

### Opinion

PER CURIAM. The defendant, Luis E. Delgado, appearing pro se, appeals following the denial of his motion to correct an illegal sentence. Specifically, the defendant claims that the trial court improperly (1) found that his sentence for possession of a weapon in a motor vehicle in violation of General Statutes § 29-38 was legal with regard to the manner in which the weapon was used and (2) found that his sentence was within the parameters of § 29-38 with regard to the size of the weapon used.[1] We conclude that the court lacked subject matter jurisdiction over the motion. Accordingly, we reverse the denial of the defendant's motion and remand the matter to the trial court with direction to render judgment of dismissal.

On September 12, 2006, pursuant to a plea agreement, the defendant pleaded guilty to one count of larceny

---

[1] The defendant also makes additional claims relating to his motion to withdraw his guilty plea, which the court denied on October 19, 2007. Because, as both parties agreed at oral argument, the defendant on appeal challenges only the denial of his motion to correct an illegal sentence, we do not address the claims relating to the motion to withdraw a guilty plea.

in the third degree in violation of General Statutes §§ 53a-119 (9) and 53a-124 (a) (2) and one count of possession of a weapon in a motor vehicle in violation of § 29-38. Also pursuant to a plea agreement, the defendant pleaded guilty, under the *Alford* doctrine,[2] to one count of assault in the third degree in violation of General Statutes § 53a-61. The court sentenced the defendant to five years incarceration on the charge of possession of a weapon in a motor vehicle, to be served consecutively with a six month sentence on the charge of assault in the third degree and concurrently with all other sentences.[3] Thus, the court imposed a total effective sentence of five and one-half years incarceration.

On March 16, 2007, the defendant filed a motion to correct an illegal sentence pursuant to Practice Book § 43-22. Following a hearing on June 25, 2007, the court denied the defendant's motion on October 19, 2007. In its memorandum of decision, the court concluded: "In this case, the sentences imposed were within the permissible range for the crimes charged, and there are no issues as to which sentencing statutes were applicable. The sentences were not imposed in an illegal manner in that there are no issues of double jeopardy, there are no issues pertaining to the computation of the length of the sentence or the question of consecutive or concurrent prison time, and the sentence is not ambiguous or internally contradictory." On November 5, 2007, the

---

[2] "Under *North Carolina* v. *Alford,* 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970), a criminal defendant is not required to admit his guilt . . . but consents to being punished as if he were guilty to avoid the risk of proceeding to trial. . . . A guilty plea under the *Alford* doctrine is a judicial oxymoron in that the defendant does not admit guilt but acknowledges that the state's evidence against him is so strong that he is prepared to accept the entry of a guilty plea nevertheless." (Internal quotation marks omitted.) *State* v. *Fowlkes,* 283 Conn. 735, 736 n.1, 930 A.2d 644 (2007).

[3] On the same day, the defendant pleaded guilty to and was sentenced on various counts in four additional criminal dockets.

defendant filed this appeal from the motion to correct an illegal sentence.

On appeal, the defendant argues that his sentence for conviction of possession of a weapon in a motor vehicle is illegal because the weapon in question, a knife with a three and one-half inch blade, was not used in a crime and is not prohibited from being in a motor vehicle without a permit. He further argues that his sentence is illegal because the weapon in question does not fall within the parameters of § 29-38, which provides that the weapon must be at least four inches long. The state argues that because the defendant attacks the validity of his conviction rather than the validity of the imposition of his sentence, the court did not have subject matter jurisdiction over the motion. We agree with the state.

Whether a court has subject matter jurisdiction is a question of law over which our review is plenary. *State v. Alexander*, 269 Conn. 107, 112, 847 A.2d 970 (2004). "The subject matter jurisdiction requirement may not be waived by any party, and also may be raised by a party, or by the court sua sponte, at any stage of the proceedings, including on appeal. . . . We consider the question of subject matter jurisdiction because, once raised, the question of subject matter jurisdiction must be answered before we can address the other issues raised." (Citation omitted; internal quotation marks omitted.) *State v. Taylor*, 91 Conn. App. 788, 791, 882 A.2d 682, cert. denied, 276 Conn. 928, 889 A.2d 819 (2005).

"Jurisdiction involves the power in a court to hear and determine the cause of action presented to it and its source is the constitutional and statutory provisions by which it is created." (Internal quotation marks omitted.) *State v. Lawrence*, 281 Conn. 147, 153, 913 A.2d 428 (2007). It is well established that the jurisdiction

of a sentencing court terminates once a defendant has begun serving his sentence. Id. "[T]herefore, that court may no longer take any action affecting a defendant's sentence unless it expressly has been authorized to act. . . . Practice Book § 43-22, which provides the trial court with such authority, provides that [t]he judicial authority may at any time correct an illegal sentence . . . . An illegal sentence is essentially one which either exceeds the relevant statutory maximum limits, violates a defendant's right against double jeopardy, is ambiguous, or is internally contradictory." (Internal quotation marks omitted.) *State* v. *Mungroo*, 104 Conn. App. 668, 683–84, 935 A.2d 229 (2007), cert. denied, 285 Conn. 908, 942 A.2d 415 (2008); see *State* v. *Lawrence*, supra, 155–57. "Because the judiciary cannot confer jurisdiction on itself through its own rule-making power, § 43-22 is limited by the common-law rule that a trial court may not modify a sentence if the sentence was valid and its execution has begun." *State* v. *Lawrence*, supra, 155. Our Supreme Court has stated that for a trial court to have jurisdiction to consider a defendant's claim of an illegal sentence, the claim must fall within one of four categories: "The first category has addressed whether the sentence was within the permissible range for the crimes charged. . . . The second category has considered violations of the prohibition against double jeopardy. . . . The third category has involved claims pertaining to the computation of the length of the sentence and the question of consecutive or concurrent prison time. . . . The fourth category has involved questions as to which sentencing statute was applicable." (Citations omitted; internal quotation marks omitted.) Id., 156–57.

In his motion to correct an illegal sentence, the defendant argued that the weapon he allegedly used did not fall within the statutory requirements of § 29-38, the weapon was not allegedly used in a manner consistent with the definitions in § 29-38, the plea was entered

without his knowledge of the elements of § 29-38 and the prosecution failed to disclose information favorable to the defendant and relevant to sentencing.

As our Supreme Court noted in *State* v. *Lawrence,* supra, 281 Conn. 147, "[i]n order for the court to have jurisdiction over a motion to correct an illegal sentence after the sentence has been executed, *the sentencing proceeding, and not the trial leading to the conviction, must be the subject of the attack.*" (Emphasis added.) Id., 158. Here, the defendant's claims attack the validity of his conviction and plea colloquy. Specifically, he challenges the validity of his conviction by claiming that the weapon he allegedly used, and the way in which he allegedly used it, fall outside of the definitions of § 29-38. Similarly, his claims that the plea was entered without his knowledge of the elements of the crime and without the prosecution's having turned over information favorable to the defense challenge the validity of the plea colloquy. Although the defendant's plea colloquy and sentencing took place on the same day, none of his claims attack the substance of what occurred during the sentencing portion of the hearing. Compare *State* v. *Cator,* 256 Conn. 785, 804–805, 781 A.2d 285 (2001) (sentencing court had jurisdiction to consider motion to correct illegal sentence when sentence violated prohibition against double jeopardy) with *State* v. *Mollo,* 63 Conn. App. 487, 490–92, 776 A.2d 1176 (trial court properly determined it lacked jurisdiction to consider defendant's motion to correct an illegal sentence when claim of illegality centered on defect in factual basis of plea), cert. denied, 257 Conn. 904, 777 A.2d 194 (2001).

Therefore, the defendant's claim falls outside of the limited circumstances in which a court retains jurisdiction over a defendant once that defendant has begun

serving his sentence.[4] See *State* v. *Wright*, 107 Conn. App. 152, 157–58, 944 A.2d 991 (court did not have jurisdiction to hear defendant's motion to correct illegal sentence when motion attacked the validity of defendant's conviction), cert. denied, 289 Conn. 933, 958 A.2d 1247 (2008). Accordingly, the court lacked jurisdiction to consider the claims raised in the defendant's motion to correct an illegal sentence. See *State* v. *Lawrence*, supra, 281 Conn. 159.

The form of the judgment is improper, the judgment denying the defendant's motion to correct an illegal sentence is reversed and the case is remanded with direction to render judgment of dismissal.

---

[4] We note the defendant's unsupported claim on appeal that the court retained jurisdiction over him because he had not yet begun serving his sentence. We also note that absent indication to the contrary, there is a presumption that execution of a sentence begins promptly after it is imposed. See *State* v. *Adams*, 14 Conn. App. 119, 132–33, 539 A.2d 1022 (1988).