STATE OF CONNECTICUT *v.* RANDALL SAUNDERS
(AC 32758)

Lavine, Robinson and Lavery, Js.,

Argued September 21—officially released November 29, 2011

*Randall B. Saunders*, pro se, the appellant (defendant).

*Raheem L. Mullins*, assistant state's attorney, with whom, on the brief, were *Stephen J. Sedensky III*, state's attorney, and *Warren C. Murray*, supervisory assistant state's attorney, for the appellee (state).

PER CURIAM. The defendant, Randall Saunders, appeals from the judgment of the trial court, *Cobb, J.,* dismissing his motion to correct an illegal sentence, filed pursuant to Practice Book § 43-22.[1] The dispositive issue on appeal is whether the court properly determined that it lacked subject matter jurisdiction to consider the defendant's motion. We conclude that the court properly determined that it lacked jurisdiction because the defendant's claim did not fall within the purview of § 43-22. Accordingly, we affirm the judgment of the trial court.

The following facts and procedural history are relevant to our review of the defendant's appeal. The defendant was arrested on January 26, 1997, and was charged with murder in violation of General Statutes § 53a-54a (a). The initial trial resulted in a mistrial. The state retried the defendant charging him in a substituted long form information with one count of intentional manslaughter in the first degree with a firearm in violation of General Statutes §§ 53a-55a (a) and 53a-55 (a) (1) and reckless manslaughter in the first degree with a firearm in violation of §§ 53a-55 (a) (3) and 53a-55a (a). On March 21, 2001, the jury found the defendant not guilty of intentional manslaughter but convicted him of reckless manslaughter. The court rendered judgment in accordance with the verdict and sentenced the defendant to twenty-seven years of incarceration. The defendant appealed his conviction, but it was affirmed by our Supreme Court. See *State* v. *Saunders,* 267 Conn. 363, 366, 838 A.2d 186, cert. denied, 541 U.S. 1036, 124 S. Ct. 2113, 158 L. Ed. 2d 722 (2004).

---

[1] Practice Book § 43-22 provides: "The judicial authority may at any time correct an illegal sentence or other illegal disposition, or it may correct a sentence imposed in an illegal manner or any other disposition made in an illegal manner."

On August 9, 2010, the defendant filed a motion to correct an illegal sentence pursuant to Practice Book § 43-22. On the same day, the state filed a motion to dismiss the defendant's motion, claiming that the court lacked jurisdiction. On September 14, 2010, a hearing on the motion was held, and the court granted the state's motion to dismiss. In granting the state's motion to dismiss for lack of jurisdiction, the trial court wrote, "[f]or the reasons stated in the motion and pursuant to *State* v. *Lawrence*, 281 Conn. 147 [913 A.2d 428 (2007)]." This appeal followed.

The defendant argues that the trial court erred when it granted the state's motion to dismiss on the grounds that it lacked subject matter jurisdiction. He claims that his sentence was based on an inoperable statute, that it was internally contradictory and that the sentencing court relied on misinformation. To support these claims, the defendant relies on the theory that because the jury unanimously returned a verdict of not guilty as to the charge of intentional manslaughter, and his only defense was self-defense, the entire statute is rendered inoperable. Therefore, he asserts, the conviction for reckless manslaughter is invalid, and accordingly, his sentence is illegal. This, the defendant argues, gives the court jurisdiction under Practice Book § 43-22.

"Our standard of review governing an appeal from a judgment granting a motion to dismiss on the ground of lack of subject matter jurisdiction concerns a question of law and is plenary." *Mercer* v. *Rodriquez*, 83 Conn. App. 251, 255, 849 A.2d 886 (2004). "In the absence of statutory or constitutional provisions, the limits of [the trial court's] jurisdiction are delineated by the common law. . . . Although the [trial] court loses jurisdiction over the case when [a] defendant is committed to the custody of the commissioner of correction and begins serving [his] sentence . . . . [Practice Book] § 43-22 embodies a common-law exception

that permits the trial court to correct an illegal sentence or other illegal disposition. . . . Thus, if the defendant cannot demonstrate that his motion to correct falls within the purview of § 43-22, the court lacks jurisdiction to entertain it." (Citations omitted; internal quotation marks omitted.) *State* v. *Lewis*, 108 Conn. App. 486, 488, 948 A.2d 389 (2008).

Our Supreme Court has limited the types of cases that can be properly brought under Practice Book § 43-22 to four categories. "The first category has addressed whether the sentence was within the permissible range for the crimes charged. . . . The second category has considered violations of the prohibition against double jeopardy. . . . The third category has involved claims pertaining to the computation of the length of the sentence and the question of consecutive or concurrent prison time. . . . The fourth category has involved questions as to which sentencing statute was applicable." (Citations omitted; internal quotation marks omitted.) *State* v. *Lawrence*, supra, 281 Conn. 156–57.

"It is well settled that [t]he purpose of . . . § 43-22 is not to attack the validity of a conviction by setting it aside but, rather to correct an illegal sentence or disposition . . . . *State* v. *Mollo*, 63 Conn. App. 487, 491, 776 A.2d 1176, cert. denied, 257 Conn. 904, 777 A.2d 194 (2001); see also *State* v. *Lawrence*, supra, 281 Conn. 158. Therefore, the relief allowed by . . . § 43-22 . . . require[s], as a precondition, a valid conviction. *State* v. *Mollo*, supra, 491." (Internal quotation marks omitted.) *State* v. *Lewis*, supra, 108 Conn. App. 488. The defendant's motion, although framed as a motion to correct an illegal sentence, solely attacks his underlying conviction and not the sentence he received or the disposition of his conviction. We repeatedly have held that a motion to correct is not the proper procedural vehicle for such a challenge. See *State* v. *Lewis*, supra, 486; see also *State* v. *Lawrence*, supra, 147; *State* v.

*Mollo*, supra, 487. Because the defendant's claim does not fit within one of the four *Lawrence* categories, the trial court was correct in dismissing the case for lack of subject matter jurisdiction.

The judgment is affirmed.