## STATE OF CONNECTICUT *v.* SHAMON CLARK
## (AC 33404)

Beach, Bear and Espinosa, Js.

Argued April 26—officially released June 26, 2012

*Deborah G. Stevenson,* special public defender, for the appellant (defendant).

*Adam E. Mattei,* special deputy assistant state's attorney, with whom, on the brief, were *John C. Smriga,* state's attorney, and *C. Robert Satti, Jr.,* supervisory assistant state's attorney, for the appellee (state).

*Opinion*

BEAR, J. The defendant, Shamon Clark, appeals from the judgment of the trial court denying his motion to correct an illegal sentence. On appeal, the defendant claims that the court "abused its discretion and committed plain error in denying the defendant's motion to correct an illegal sentence, when the record shows that, in violation of the defendant's [c]onstitutional right to due process, the [sentencing] court imposed a sentence different from that which was the subject of the plea agreement but did not inform the defendant that he could withdraw his plea and did not allow him to do so, thus rendering the plea unknowing and involuntary, and void ab initio." We conclude that the court was without subject matter jurisdiction to hear this motion and, accordingly, reverse the judgment of the trial court and remand the case with direction that the motion be dismissed.[1]

---

[1] We note that the defendant has not provided a transcript of the hearing on his motion to correct. Nevertheless, because we decide this case on jurisdictional grounds, the lack of the transcript does not impede our review.

The record reveals the following relevant facts. On November 16, 2006, the state and the defendant entered into a plea agreement that allowed the defendant to entered an *Alford* plea[2] to one count of possession of narcotics in violation of General Statutes § 21a-279 (a) and one count of conspiracy to sell narcotics by a person who is not drug-dependent in violation of General Statutes §§ 53a-48 and 21a-278 (b) in exchange for a sentence of eighteen years imprisonment, execution suspended after six and one-half years, with five years probation. The state informed the sentencing court of the plea agreement, and the sentencing court thoroughly canvassed the defendant to ensure that his plea was knowing and voluntary before the court accepted the plea. Upon the request of the defendant, the court delayed sentencing and permitted the defendant to remain free during the holiday season subject to certain conditions, including the condition that he not engage in any further criminal activity supported by probable cause, in accordance with *State* v. *Garvin*, 242 Conn. 296, 300–302, 699 A.2d 921 (1997).[3] The court explained to the defendant that if he violated any of the conditions of this agreement, the court would not be obligated to accept the state's recommended sentence and could impose the maximum sentence, namely, twenty-seven years imprisonment, for the crimes to which the defendant pleaded guilty.

On December 6, 2006, the defendant breached the *Garvin* agreement by possessing drugs, an AK-47 rifle and a bulletproof vest. On February 9, 2007, the court

[2] See *North Carolina* v. *Alford*, 400 U.S. 25, 37, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

[3] "A *Garvin* agreement is a conditional plea agreement that has two possible binding outcomes, one that results from the defendant's compliance with the conditions of the plea agreement and one that is triggered by his violation of a condition of the agreement." (Internal quotation marks omitted.) *State* v. *Petaway*, 107 Conn. App. 730, 732 n.2, 946 A.2d 906, cert. denied, 289 Conn. 926, 958 A.2d 162 (2008).

sentenced the defendant to a term of eighteen years imprisonment, execution suspended after twelve years, with five years probation. On October 8, 2010, the defendant filed a motion to correct an illegal sentence pursuant to Practice Book § 43-22,[4] which the court denied. This appeal followed.

On appeal, the defendant claims that the trial court improperly denied his motion to correct an illegal sentence because the sentencing court had violated several sections of our rules of practice[5] by failing to inform him that he could withdraw his guilty plea if he violated the *Garvin* agreement by imposing a harsher sentence than the one to which the defendant had agreed. He argues that this error by the sentencing court rendered his plea "unknowing and involuntary, and void ab initio." On appeal, he requests that we reverse the judgment of the trial court and remand the matter to enable him to withdraw his plea and elect a new trial. The state argues that the trial court should have dismissed the defendant's motion for lack of jurisdiction because the defendant was attacking the validity of his plea not the legality of his sentence. We agree with the state.

"In the absence of statutory or constitutional provisions, the limits of [the trial court's] jurisdiction are delineated by the common law. . . . Although the [trial] court loses jurisdiction over the case when [a] defendant is committed to the custody of the commissioner of correction and begins serving [his] sentence [Practice Book] § 43-22 embodies a common-law exception that permits the trial court to correct an illegal

---

[4] Practice Book § 43-22 provides: "The judicial authority may at any time correct an illegal sentence or other illegal disposition, or it may correct a sentence imposed in an illegal manner or any other disposition made in an illegal manner."

[5] Specifically, in his motion to correct an illegal sentence, the defendant claimed that the sentencing court had violated Practice Book §§ 39-9, 39-10, 39-19, 39-26 and 43-10.

sentence or other illegal disposition [or it may correct a sentence imposed in an illegal manner]. . . . Thus, if the defendant cannot demonstrate that his motion to correct falls within the purview of [Practice Book] § 43-22, the court lacks jurisdiction to entertain it. . . . Our determination of whether a motion to correct falls within the scope of Practice Book § 43-22 is a question of law and, thus, our review is plenary." (Citation omitted; internal quotation marks omitted.) *State* v. *Osuch*, 124 Conn. App. 572, 578–79, 5 A.3d 976, cert. denied, 299 Conn. 918, 10 A.3d 1052 (2010).

In the present case, the defendant claims that his sentence was illegal because his plea was not knowing and voluntary, and he requests that his conviction be set aside and he be permitted to withdraw his plea. The state asserts that such a claim is outside of the parameters of Practice Book § 43-22 because it attacks the plea and not the sentence. During oral argument before this court, the defendant argued that "everyone is missing the point here [because] jurisdiction is granted by the first amendment of the [United States] constitution and article first of the Connecticut constitution because everyone has a right to petition for redress of their grievances and this is a grievance that the defendant has—that his sentence was imposed in an illegal manner." Although the defendant argues that the state is incorrect in asserting that the trial court did not have jurisdiction over his motion, there is nothing in the motion filed by the defendant that attacks the validity of his sentence; rather, he attacks the validity of his plea, and he seeks to have that plea set aside.

"An illegal sentence is essentially one which either exceeds the relevant statutory maximum limits, violates a defendant's right against double jeopardy, is ambiguous, or is inherently contradictory. . . . Sentences imposed in an illegal manner have been defined as being within the relevant statutory limits but . . . imposed

in a way which violates the defendant's right . . . to be addressed personally at sentencing and to speak in mitigation of punishment . . . or his right to be sentenced by a judge relying on accurate information or considerations solely in the record, or his right that the government keep its plea agreement promises . . . ." (Internal quotation marks omitted.) *State* v. *Starks*, 121 Conn. App. 581, 586, 997 A.2d 546 (2010). This court has explained that "[t]he purpose of Practice Book § 43-22 is not to attack the validity of a conviction by setting it aside but, rather to correct an illegal sentence or disposition, or one imposed or made in an illegal manner." *State* v. *Mollo*, 63 Conn. App. 487, 491, 776 A.2d 1176, cert. denied, 257 Conn. 904, 777 A.2d 194 (2001). The relief permitted under Practice Book § 43-22 "require[s], as a precondition, a valid conviction." (Internal quotation marks omitted.) *State* v. *Saunders*, 132 Conn. App. 268, 271, 50 A.3d 321 (2011), cert. denied, 303 Conn. 924, 34 A.3d 394 (2012). In the present case, the defendant contests the validity of his conviction, claiming that his guilty plea was "unknowing and involuntary, and void ab initio." Accordingly, his claim does not fit within the parameters of Practice Book § 43-22, and the trial court was without jurisdiction to consider the motion. See *State* v. *Saunders*, supra, 271–72; *State* v. *Mollo*, supra, 491.

The form of judgment is improper, the judgment is reversed and the case is remanded with direction to render judgment dismissing the defendant's motion to correct an illegal sentence.

In this opinion the other judges concurred.