******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* WILLIAM GEMMELL
(AC 36059)

Lavine, Prescott and Schaller, Js.

*Argued February 3—officially released March 10, 2015*

(Appeal from Superior Court, judicial district of Stamford-Norwalk, geographical area number twenty, Dennis, J. [judgment; motion to correct].)

*Deborah G. Stevenson*, assigned counsel, for the appellant (defendant).

*Lisa Herskowitz*, senior assistant state's attorney, with whom, on the brief, were *David I. Cohen*, state's attorney, and *Justina Moore*, assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The sole issue raised in this appeal is whether the court properly denied the motion to correct an illegal sentence filed by the defendant, William Gemmell. We conclude that only the form of the judgment is improper, and reverse the judgment and remand the case with direction to render judgment dismissing the defendant's motion to correct an illegal sentence.

Following a jury trial, the defendant was convicted of burglary in the first degree in violation of General Statutes § 53a-101 (a) (2), home invasion in violation of General Statutes § 53a-100aa (a) (1), brandishing a facsimile firearm in a threatening manner in violation of General Statutes § 53-206c (c), criminal violation of a protective order in violation of General Statutes § 53a-223, unlawful restraint in the second degree in violation of General Statutes § 53a-96, and interfering with an emergency call in violation of General Statutes § 53a-183b. The defendant received a total effective sentence of fifteen years of incarceration followed by ten years of special parole. The defendant's conviction was affirmed on direct appeal. See *State* v. *Gemmell*, 151 Conn. App. 590, 592–93, 94 A.3d 1253, cert. denied, 314 Conn. 915, 100 A.3d 405 (2014). While that appeal was pending, the defendant filed a motion to correct an illegal sentence. Following a hearing on July 11, 2013, the court, *Dennis*, *J.*, denied the motion. This appeal followed.

On the basis of our review of the record and careful consideration of the briefs and oral argument of the parties, we conclude that the trial court lacked jurisdiction over the defendant's motion to correct an illegal sentence because the motion seeks to attack the validity of the underlying conviction and, properly construed, does not claim that an illegal sentence was imposed or that the sentence was imposed in an illegal manner. See *State* v. *Saunders*, 132 Conn. App. 268, 271, 50 A.3d 321 (2011), cert. denied, 303 Conn. 924, 34 A.3d 394 (2012). Because the court lacked jurisdiction, it should have dismissed the motion rather than denied it. See *State* v. *Tabone*, 301 Conn. 708, 715, 23 A.3d 689 (2011).

The form of the judgment is improper, the judgment is reversed and the case is remanded with direction to render judgment dismissing the defendant's motion to correct an illegal sentence.