CLYDE MEIKLE *v.* COMMISSIONER OF CORRECTION
(AC 24590)

Foti, DiPentima and Cretella, Js.

Argued December 7, 2004—officially released February 15, 2005

*Michael P. Shea*, with whom was *Amy T. Maas*, for the appellant (petitioner).

*Denise B. Smoker*, assistant state's attorney, with whom, on the brief, were *James E. Thomas*, state's attorney, and *Donna Mambrino*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Clyde Meikle, appeals from the judgment of the habeas court, denying his petition for a writ of habeas corpus. On appeal, the petitioner claims that the court (1) abused its discretion by denying his petition for certification to appeal and (2) improperly denied his petition for a writ of habeas corpus. We dismiss the appeal.

After a jury trial, the petitioner was convicted of murder. The petitioner admitted that he had shot the

victim but claimed that the shooting was accidental. This court upheld the petitioner's conviction in *State v. Meikle*, 60 Conn. App. 802, 761 A.2d 247 (2000), cert. denied, 255 Conn. 947, 769 A.2d 63 (2001). In his direct appeal, the petitioner claimed, inter alia, "that the state violated his rights under the equal protection clause of the fourteenth amendment to the United States constitution by exercising a peremptory challenge in a racially discriminatory manner"; id., 804; in violation of *Batson v. Kentucky*, 476 U.S. 79, 106 S. Ct. 1712, 90 L. Ed. 2d 69 (1986). The petitioner characterized as pretextual each of the state's four reasons for using a peremptory challenge to excuse an African-American member of the venire panel. *State v. Meikle*, supra, 811. This court disagreed, noting that the trial court had analyzed each of the state's claims under the six *Batson* factors and concluding that the record supported the court's conclusion that the petitioner had failed to meet his burden of establishing purposeful discrimination. Id.

In his petition for a writ of habeas corpus, the petitioner alleged, among other things, that his constitutional right to the effective assistance of counsel was denied by the counsel who had represented him both at trial and on appeal. Specifically, the petitioner claimed that although his counsel had filed a motion raising a *Batson* claim, his counsel did not argue with sufficient vigor that the court should perform a dual motivation analysis of the reasons given by the state; see *State v. Hodge*, 248 Conn. 207, 223, 726 A.2d 531 (adopting in certain instances dual motivation analysis set forth in *Howard v. Senkowski*, 986 F.2d 24, 30 [2d Cir. 1993]), cert. denied, 528 U.S. 969, 120 S. Ct. 409, 145 L. Ed. 2d 319 (1999); and failed to preserve a dual motivation claim for appeal. After a hearing, the court denied the petition for a writ of habeas corpus and subsequently denied the petition for certification to appeal. On appeal, the petitioner claims that the court

abused its discretion by denying him certification to appeal. We must first address the threshold question regarding certification before reaching the allegations of the petition for a writ of habeas corpus, if at all.

"In a habeas appeal, although this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, our review of whether the facts found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary. . . . Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden,* 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden,* 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on its merits. . . .

"To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . For the petitioner to prevail on his claim of ineffective assistance of counsel, he must establish both that his counsel's performance was deficient and that there is a reasonable probability that, but for the counsel's mistakes, the result of the proceeding would have been different." (Internal quotation marks omitted.) *Anderson* v. *Commissioner of Correction,* 83 Conn. App. 595, 597, 850 A.2d 1063, cert. denied, 271 Conn. 905, 859

A.2d 560 (2004). On the basis of our review of the record and briefs, we conclude that the petitioner has failed to meet his burden of proving that the court abused its discretion by denying his petition for a writ of habeas corpus.

The habeas court determined that "trial counsel ably represented the petitioner on the dual motivation issue . . . [and although] the terminology [applicable to a dual motivation claim] had not yet been adopted when he tried the case, counsel presented the issues necessary for the trial court to hear the matter. Further, when the case law supported the use and recognition of the term 'dual motivation,' trial counsel pressed this issue on appeal."

The petitioner agrees that if the trial court had made the requisite race neutrality and credibility findings with respect to the state's peremptory strike of an African-American venireperson, no dual motivation analysis would be required. He posits, however, that both a reading of the record and this court's opinion belies the state's contention that the trial court made a credibility finding with respect to the fourth reason given by the prosecutor in support of her decision to strike the venireperson at issue. This fourth reason was related to the so-called "Manchester incident." See *State* v. *Meikle*, supra, 60 Conn. App. 804–808. We do not agree.

Although it is true that the petitioner never raised a dual motivation claim and the trial court neither addressed nor performed a dual motivation claim analysis,[1] as such, the record reflects that the court did examine each of the reasons given by the prosecutor and analyzed each reason. The court concluded that the petitioner had failed to demonstrate that the prosecu-

---

[1] Our Supreme Court released *State* v. *Hodge*, supra, 248 Conn. 207, on April 6, 1999, subsequent to the completion of the defendant's trial in this matter.

tor's decision to strike the venireperson reflected purposeful discrimination. The prosecutor recited detailed facts concerning the Manchester incident as well as her personal views of the venireperson as it related to the incident. The court specifically based its decision, in part, on "the other out-of-court knowledge that the prosecutor had, [from] whatever source, relating to the Manchester arrest . . . ." This court has stated, at least impliedly, that if the defendant at trial was not satisfied with the extent of the court's findings, he could have moved for an articulation. *State* v. *Meikle*, supra, 60 Conn. App. 812. The fact that he did not take such action does not lessen the sufficiency of the court's findings, and, unless they are clearly erroneous, the court's findings must stand.

The trial court found that each of the four reasons asserted by the state in support of its decision to exercise a peremptory challenge were race neutral. This court already has concluded that the trial court's findings were not clearly erroneous. Id., 811. There were, therefore, no grounds for a dual motivation challenge or a reason for the court to perform such an analysis. See *State* v. *Hodge*, supra, 248 Conn. 226. We therefore conclude that the habeas court did not abuse its discretion in denying the petition for certification to appeal.

The appeal is dismissed.