STATE OF CONNECTICUT *v.* CLYDE MEIKLE
(AC 34203)

Lavine, Robinson and Alvord, Js.

Argued October 9—officially released November 12, 2013

*Clyde Meikle*, self-represented, the appellant (defendant).

*Ronald G. Weller*, senior assistant state's attorney, with whom, on the brief, were *Gail P. Hardy*, state's attorney, and *Donna Mambrino*, senior assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Clyde Meikle, returns to this court for the fourth time following his conviction of murder in April of 1998. The self-represented[1] defendant appeals from the judgment of the trial court denying his motion to correct an illegal sentence pursuant

[1] The defendant proceeded as a self-represented party at the trial court because the public defender's office found no basis for the motion to correct. See *State* v. *Casiano*, 282 Conn. 614, 627, 922 A.2d 1065 (2007) (appointed counsel not required to file motion that is frivolous or improper). On May 23, 2011, the public defender was released from the case.

to Practice Book § 43-22. We conclude that the trial court lacked subject matter jurisdiction to consider the motion to correct. Accordingly, we remand the matter to the trial court with direction to render a judgment of dismissal.

The underlying offense occurred on November 1, 1994. Following an argument with the victim, Clifford Walker, over a parking space, the defendant approached the victim with a sawed-off shotgun, pulled the trigger and killed the victim instantly. The defendant contended that the weapon discharged accidentally. After a jury trial, he was convicted of murder. See *State* v. *Meikle*, 60 Conn. App. 802, 761 A.2d 247 (2000), cert. denied, 255 Conn. 947, 769 A.2d 63 (2001).

Following his conviction, the trial court sentenced the defendant to fifty years incarceration. Thereafter, he brought numerous postconviction challenges including a direct appeal and two petitions for a writ of habeas corpus. These challenges were all resolved against the defendant.[2] On April 27, 2011, the defendant filed an amended motion to correct an illegal sentence alleging that (1) the shotgun introduced at trial was not in fact the murder weapon and (2) the state fraudulently concealed this fact from his trial counsel. Following a hearing on the motion to correct, the trial court denied the motion. On the basis of our review of the record, we conclude that the trial court lacked subject matter jurisdiction.

"We have long held that because [a] determination regarding a trial court's subject matter jurisdiction is a question of law, our review is plenary." (Internal quotation marks omitted.) *Ajadi* v. *Commissioner of Correction*, 280 Conn. 514, 532, 911 A.2d 712 (2006). "It is well

---

[2] See *Meikle* v. *Commissioner of Correction*, 146 Conn. App. 905, 75 A.3d 810 (2013); *Meikle* v. *Commissioner of Correction*, 87 Conn. App. 490, 865 A.2d 1237, cert. denied, 273 Conn. 922, 871 A.2d 1028 (2005); *State* v. *Meikle*, supra, 60 Conn. App. 802.

established that the jurisdiction of a sentencing court terminates once a defendant has begun serving his sentence. . . . [T]herefore, that court may no longer take any action affecting a defendant's sentence unless it expressly has been authorized to act. . . . Practice Book § 43-22, which provides the trial court with such authority, provides that [t]he judicial authority may at any time correct an illegal sentence . . . . An illegal sentence is essentially one which either exceeds the relevant statutory maximum limits, violates a defendant's right against double jeopardy, is ambiguous, or is internally contradictory." (Citation omitted; internal quotation marks omitted.) *State* v. *Delgado*, 116 Conn. App. 434, 437–38, 975 A.2d 736 (2009).

A motion to correct an illegal sentence must rest on the sentencing itself. "In order for the court to have jurisdiction over a motion to correct an illegal sentence after the sentence has been executed, the sentencing proceeding, and *not the trial leading to the conviction*, must be the subject of the attack." (Emphasis added.) *State* v. *Lawrence*, 281 Conn. 147, 158, 913 A.2d 428 (2007).

In the present case, the defendant improperly seeks to address a trial-related claim through a motion to correct an illegal sentence. The defendant contends that the sentencing court relied on inaccurate information, specifically, that the shotgun introduced at trial was not the actual murder weapon. The defendant argues that because the sentencing court "considered all the evidence that was used at trial," it relied on inaccurate information. This argument is not persuasive because an attack on the admissibility of evidence relates to the events occurring during the criminal trial and thus falls outside the narrow confines of Practice Book § 43-22. See *State* v. *Delgado*, supra, 116 Conn. App. 439 ("the sentencing proceeding, and not the trial leading to the conviction, must be the subject of the attack" [internal

quotation marks omitted]). Accordingly, the trial court lacked subject matter jurisdiction to consider the defendant's motion to correct.

The form of the judgment is improper, the judgment is reversed and the case is remanded with direction to render judgment dismissing the defendant's motion to correct an illegal sentence.