******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* ROBERT L. WALKER
(AC 41114)

Alvord, Bright and Beach, Js.

*Syllabus*

The defendant, who had been convicted in 2001 of the crimes of aggravated
sexual assault in the first degree, sexual assault in the first degree,
kidnapping in the first degree with a firearm, kidnapping in the first
degree, threatening, criminal possession of a weapon, credit card theft,
illegal use of a credit card, fraudulent use of an automatic teller machine
and larceny in the sixth degree, appealed to this court from the trial
court's dismissal in part and denial in part of his motion to correct an
illegal sentence. The defendant was sentenced for his 2001 convictions
on the basis of a presentence investigation report that contained, inter
alia, detailed information concerning his past criminal history, including
facts underlying certain previous convictions in 1991. In his motion to
correct an illegal sentence, the defendant claimed, inter alia, that the
facts referenced in the 2001 presentence investigation report and in the
supplemental material concerning his 1991 convictions were inaccurate
and prejudicial. *Held*:

1. The trial court properly concluded that it lacked subject matter jurisdiction
to consider the defendant's claim that his sentence was imposed in an
illegal manner due to the failure of the sentencing court to canvass him
or his counsel as to their review and the accuracy of the 2001 presentence
investigation report; our Supreme Court has determined previously that
our statutes and rules of practice do not require a court to make an
affirmative inquiry as to the accuracy of the information contained in
a presentence investigation report and that, consequently, such a claim
does not invoke the jurisdiction of the trial court.

2. The trial court lacked subject matter jurisdiction to consider the merits
of the defendant's claim that his sentence was imposed in an illegal
manner due to the sentencing court's reliance on inaccurate facts regard-
ing his 1991 convictions contained in the presentence investigation
report, as it was not plausible that the defendant sought to challenge
the manner in which his sentence was imposed, as opposed to the
underlying convictions: because the defendant's challenge to his 2001
sentence was predicated on his claim that the presentence investigation
report contained inaccurate facts regarding his 1991 convictions, which
he alleged were unconstitutional due to the ineffective assistance of his
then defense counsel in failing to point out to the court contradictions
in the assertions of the complaining witness, failing to do an adequate
investigation and advising the defendant to plead guilty, his claim clearly
challenged his 1991 convictions and not the sentencing proceeding for
his 2001 convictions, and although the defendant's 2001 sentencing pro-
ceeding may have been different had his 1991 convictions been set aside,
he could not use that theoretical possibility as the basis to launch a
wholesale attack on the performance of his then defense counsel through
a motion to correct an illegal sentence filed twenty-four years after he
pleaded guilty and long after his sentence for the 1991 convictions had
been served; accordingly, the trial court should have dismissed, rather
than denied, the defendant's motion to correct an illegal sentence as to
this claim.

Argued October 24, 2018—officially released February 12, 2019

*Procedural History*

Substitute information, in the first case, charging the
defendant with three counts of the crime of fraudulent
use of an automated teller machine, two counts of the
crime of credit card theft, two counts of the crime of
illegal use of a credit card and one count of the crime
of larceny in the sixth degree, and substitute informa-
tion, in the second case, charging the defendant with

four counts each of the crimes of sexual assault in the first degree and kidnapping in the first degree, two counts each of the crimes of aggravated sexual assault in the first degree and kidnapping in the first degree with a firearm, and with the crimes of threatening and possession of a weapon, brought to the Superior Court in the judicial district of Middlesex and tried to the jury before *Clifford, J.*; thereafter, the court denied the defendant's motion for a mistrial; verdicts and judgments of guilty, from which the defendant appealed to this court, which affirmed the judgments; subsequently, the court, *Vitale, J.*, dismissed in part and denied in part the defendant's motion to correct an illegal sentence, and the defendant appealed to this court. *Improper form of judgment*; *affirmed in part*; *judgment directed in part.*

*Temmy Ann Miller*, assigned counsel, with whom was *Aimee Lynn Mahon*, assigned counsel, for the appellant (defendant).

*Rocco A. Chiarenza*, assistant state's attorney, with whom were *Russell C. Zentner*, senior assistant state's attorney, and, on the brief, *Peter A. McShane*, former state's attorney, and *Caitlyn S. Malcynsky*, certified legal intern, for the appellee (state).

*Opinion*

BRIGHT, J. The defendant, Robert L. Walker, appeals[1] from the judgment of the trial court dismissing in part and denying in part his motion to correct an illegal sentence. On appeal, the defendant claims that the court improperly (1) dismissed for lack of subject matter jurisdiction his claim that the sentencing court failed to canvass him or his counsel regarding their review and the accuracy of the presentence investigation report, and (2) denied on the merits, without first providing him with an adequate hearing before the sentencing court, his claim that the sentencing court relied on inaccurate facts contained in the presentence investigation report. We conclude that the court lacked subject matter jurisdiction to consider both of the defendant's claims raised by the motion to correct an illegal sentence. Accordingly, we affirm in part and reverse in part the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of the defendant's claims. On February 14, 1991, the defendant entered a guilty plea pursuant to *North Carolina* v. *Alford*, 400 U.S. 25, 37, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970),[2] to one count of robbery in the first degree in violation of General Statutes (Rev. to 1989) § 53a-134 (a) (4) and one count of sexual assault in the third degree in violation of General Statutes § 53a-72a (1991 convictions). The Office of Adult Probation then prepared a presentence investigation report. On March 22, 1991, pursuant to the parties' plea agreement, the court sentenced the defendant to a total effective term of fourteen years incarceration, execution suspended after nine years, with three years probation. On January 12, 1996, the defendant was discharged from the custody of the Department of Correction.

Between late 1999 and early 2000, the defendant engaged in further criminal misconduct. On January 23, 2001, the defendant was convicted in absentia,[3] following a jury trial, of two counts of aggravated sexual assault in the first degree in violation of General Statutes § 53a-70a (a) (1), four counts of sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (1), two counts of kidnapping in the first degree with a firearm in violation of General Statutes § 53a-92a, four counts of kidnapping in the first degree in violation of General Statutes § 53a-92 (a) (2) (A), threatening in violation of General Statutes (Rev. to 1999) § 53a-62 (a) (2), criminal possession of a weapon in violation of General Statutes (Rev. to 1999) § 53a-217, two counts of credit card theft in violation of General Statutes § 53a-128c (a), three counts of fraudulent use of an automatic teller machine in violation of General Statutes § 53a-127b, two counts of illegal use of a credit card in violation of General Statutes § 53a-128d, and one count of larceny in the sixth degree in violation of

General Statutes (Rev. to 1999) § 53a-125b (2001 convictions).

Thereafter, the Office of Adult Probation prepared a presentence investigation report (2001 PSI report) in advance of the defendant's sentencing for the 2001 convictions. The 2001 PSI report contained detailed information concerning the defendant's past criminal history, including the facts underlying his 1991 convictions. Also attached to the 2001 PSI report was a "Synopsis of Facts" provided by the Office of the State's Attorney that detailed the facts underlying the 2001 convictions.

On April 27, 2001, the sentencing court conducted the defendant's sentencing hearing at which it heard statements from the state, the victim, the victim's mother, defense counsel, and the defendant.[4] At the conclusion of the hearing, the court sentenced the defendant to a total effective term of fifty years incarceration, execution suspended after thirty-two years, followed by twenty years probation. The defendant's 2001 convictions were affirmed on direct appeal by this court. See *State* v. *Walker*, 80 Conn. App. 542, 835 A.2d 1058 (2003), cert. denied, 268 Conn. 902, 845 A.2d 406 (2004).

On August 25, 2015, the defendant, pursuant to Practice Book § 43-22,[5] filed an amended motion to correct an illegal sentence.[6] Therein, the defendant alleged that the facts "referenced in [the 2001 PSI] report and in the supplemental materials concerning his 1991 conviction[s] . . . [were] inaccurate and prejudicial" because the 1991 convictions were unconstitutional in three ways: (1) "they were based on contradictory assertions of the complaining witness as to whether a sexual assault had ever taken place," (2) "counsel in the 1991 case failed to investigate possible connections between organized crime figures and the complaining witness that may have tainted the complainant's credibility," and (3) "counsel was ineffective for advising [the defendant] that he should plead guilty because his case would be a 'tough case to win.' " The defendant claimed that, as a result, his sentence "was imposed in an illegal manner" because the sentencing court: (1) "fail[ed] to specifically canvass the [defendant] or his counsel as to their review and the accuracy of the [2001 PSI] report . . . in violation of [Practice Book §] 43-10" and (2) "specifically rel[ied] upon unconstitutional and inaccurate information contained in the [2001 PSI report] . . . ."[7]

On October 23, 2015, the state filed a motion to dismiss the defendant's motion to correct an illegal sentence on the ground that the court lacked subject matter jurisdiction to entertain it. In its memorandum of law in support of the motion, the state argued that the court lacked subject matter jurisdiction over the defendant's claim that the sentencing court failed to canvass him

or his attorney because such a claim had been foreclosed by our Supreme Court in *State* v. *Parker*, 295 Conn. 825, 840–41, 992 A.2d 1103 (2010) (claims that defendant "had been deprived of an opportunity to review his presentence report and to address inaccuracies therein; and . . . [defense counsel] had failed to review the presentence report with him or to bring any inaccuracies in the report to the court's attention" did not provide jurisdictional basis for correcting sentence imposed in illegal manner). The state also argued that the court lacked subject matter jurisdiction over the defendant's claim that the sentencing court relied on inaccurate information in the 2001 PSI report because "[s]uch a claim falls outside the purview of Practice Book § 43-22" for the reason that it attacked an underlying conviction, not the sentence imposed. The defendant did not file a written opposition to the state's motion. On May 4, 2016, the court conducted a hearing on the motion to dismiss at which it heard arguments from both the state and defense counsel.

On May 23, 2016, the court issued a memorandum of decision in which it dismissed in part and denied in part the defendant's motion to correct an illegal sentence. In particular, the court dismissed for lack of subject matter jurisdiction the defendant's first claim that the sentencing court failed to canvass the defendant or his counsel because "such a claim is untenable" pursuant to *State* v. *Parker*, supra, 295 Conn. 825. The court denied on the merits the defendant's second claim that the sentencing court relied on inaccurate information because it concluded that "the sentencing court did not rely on materially false or prejudicial information. The defendant was in fact convicted in 1991 of the crimes referenced in the [2001 PSI report]. . . . The record before this court does not support the defendant's claim that the information regarding the 1991 convictions was materially false." (Citations omitted; footnote omitted.) This appeal followed. Additional facts will be set forth as necessary.

We begin with our standard of review and relevant legal principles. "[I]t is axiomatic that [t]he judicial authority may at any time correct an illegal sentence or other illegal disposition, or it may correct a sentence imposed in an illegal manner . . . . Practice Book § 43-22. A motion to correct an illegal sentence constitutes a narrow exception to the [common-law] rule that, once a defendant's sentence has begun, the authority of the sentencing court to modify that sentence terminates. . . . Indeed, [i]n order for the court to have jurisdiction over a motion to correct an illegal sentence after the sentence has been executed, the sentencing proceeding [itself] . . . must be the subject of the attack." (Internal quotation marks omitted.) *State* v. *Francis*, 322 Conn. 247, 259, 140 A.3d 927 (2016).

"In Connecticut, [Practice Book] § 43-22 sets forth

the procedural mechanism for correcting invalid sentences. . . . Because the judiciary cannot confer jurisdiction on itself through its own rule-making power, § 43-22 is limited by the common-law rule that a trial court may not modify a sentence if the sentence was valid and its execution has begun." (Internal quotation marks omitted.) *State* v. *Parker*, supra, 295 Conn. 836.

"Although [our Supreme Court] had not defined the parameters of an invalid sentence prior to the adoption of § 43-22, the rules of practice are consistent with the broader common-law meaning of illegality, permitting correction of both illegal sentences and sentences imposed in an illegal manner. . . . An illegal sentence is essentially one which either exceeds the relevant statutory maximum limits, violates a defendant's right against double jeopardy, is ambiguous, or is internally contradictory. . . . Sentences imposed in an illegal manner have been defined as being within the relevant statutory limits but . . . imposed in a way which violates [a] defendant's right . . . to be addressed personally at sentencing and to speak in mitigation of punishment . . . or his right to be sentenced by a judge relying on accurate information or considerations solely in the record, or his right that the government keep its plea agreement promises . . . . This latter category reflects the fundamental proposition that [t]he defendant has a legitimate interest in the character of the procedure which leads to the imposition of sentence even if he may have no right to object to a particular result of the sentencing process." (Citations omitted; footnote omitted; internal quotation marks omitted.) Id., 837–39.

"[T]he claims that may be raised in a motion to correct an illegal sentence are strictly limited to improprieties that may have occurred at the sentencing stage of the proceeding. . . . Thus . . . for the trial court to have jurisdiction to consider the defendant's claim of an illegal sentence, the claim must fall into one of [several specific] categories of claims that, under the common law, the court has jurisdiction to review." (Citation omitted; internal quotation marks omitted.) *State* v. *Francis*, supra, 322 Conn. 264. A determination of whether a trial court has subject matter jurisdiction to consider a motion to correct an illegal sentence presents a question of law, and, therefore, our review is plenary. *State* v. *Evans*, 329 Conn. 770, 776–77, 189 A.3d 1184 (2018).

I

The defendant first claims that the court improperly dismissed for lack of subject matter jurisdiction his claim that his sentence was imposed in an illegal manner because the sentencing court failed to canvass him or his counsel "as to their review and the accuracy of the [2001 PSI] report . . . ." The state argues that the court properly determined that *State* v. *Parker*, supra,

295 Conn. 825, is dispositive of this claim.[8] We agree with the state.

In *Parker*, the defendant entered a plea under the *Alford* doctrine to the charge of murder. Id., 828. After the defendant unsuccessfully pursued an appeal challenging his conviction and plea, he filed a motion to correct an illegal sentence claiming that his sentence was imposed in an illegal manner. Id., 830–31. In his motion, the defendant asserted that his right not to be sentenced on the basis of inaccurate information was violated because "(1) he had been deprived of an opportunity to review his presentence report and to address inaccuracies therein; and (2) [defense counsel] had failed to review the presentence report with him or to bring any inaccuracies in the report to the court's attention." Id., 840. After a hearing, the trial court dismissed the defendant's motion to correct an illegal sentence for lack of subject matter jurisdiction. Id., 833.

On appeal, our Supreme Court concluded that "the defendant's claims [did] not fall within the limited circumstances under which the trial court has jurisdiction to correct a sentence imposed in an illegal manner . . . ." Id., 828. It first outlined that our statutes and rules of practice, particularly General Statutes § 54-91b and Practice Book §§ 43-7 and 43-10 (1), protect a defendant's due process right not to be sentenced on the basis of untrue or unreliable information. Id., 843–46. It held, nonetheless, that these authorities did not provide a basis for jurisdiction because the defendant had not claimed that the sentencing court's actions violated any of the mandates therein contained. Id., 847–48. Rather, it rejected the premise of "[t]he defendant's claimed constitutional basis for jurisdiction . . . that the rules of practice and the statutes afford him a personal right to review, and an opportunity to seek corrections to, the presentence report" as unsupported by our statutes and rules of practice. (Footnote omitted.) Id., 849–50. Specifically, it held that "[a]lthough it may be the better practice, *neither our rules of practice nor our statutes require a sentencing court to make an affirmative inquiry about the accuracy of the information in the presentence report*." (Emphasis added.) Id., 849.

In the present case, the defendant's first claim is that his sentence was imposed in an illegal manner because the sentencing court, allegedly in violation of Practice Book § 43-10,[9] failed to canvass the defendant or his counsel as to their review and the accuracy of the 2001 PSI report. Our Supreme Court, in *Parker*, explicitly held that our statutes and rules of practice, including Practice Book § 43-10, do not require a court to make an affirmative inquiry as to the accuracy of facts contained in a presentence investigation report, and that, consequently, such a claim does not invoke the jurisdiction of the trial court. Id. Therefore, because our

Supreme Court's decision in *Parker* is definitively binding on this court; see footnote 8 of this opinion; we conclude that the trial court properly concluded that it lacked subject matter jurisdiction to consider this claim.[10]

## II

The defendant also claims that the court improperly denied on the merits his claim that his sentence was imposed in an illegal manner because the sentencing court relied on inaccurate facts regarding his 1991 convictions that were contained in the 2001 PSI report. In particular, the defendant argues on appeal that the court improperly ruled on the merits of his amended motion to correct without first conducting an "adequate hearing," and that his motion to correct should have been heard and decided by the 2001 sentencing court. The state argues that the court lacked subject matter jurisdiction to consider this claim because "the defendant's attempt to use a motion to correct to challenge the legal validity of . . . his [1991] convictions did not constitute a challenge to the sentencing proceeding itself, but instead, constituted a challenge to a long final prior conviction."[11] The defendant argues that the trial court had subject matter jurisdiction because his claim did "not attempt to attack the underlying conviction. By its very nature it is attacking the manner in which the sentence was imposed because of the court's actions, or lack thereof, during the sentencing proceeding." We agree with the state.

Our Supreme Court repeatedly has held that "a challenge to the legality of a sentence focuses not on what transpired during the trial or on the underlying conviction. In order for the court to have jurisdiction over a motion to correct an illegal sentence after the sentence has been executed, *the sentencing proceeding, and not the trial leading to the conviction*, must be the subject of the attack." (Emphasis in original; internal quotation marks omitted.) *State* v. *Evans*, supra, 329 Conn. 779; see *State* v. *Lawrence*, 281 Conn. 147, 158, 913 A.2d 428 (2007) (same); see also *State* v. *Francis*, supra, 322 Conn. 264 ("the claims that may be raised in a motion to correct an illegal sentence are strictly limited to improprieties that may have occurred at the sentencing stage of the proceeding"). "In determining whether it is plausible that the defendant's motion challenged the sentence, rather than the underlying trial or conviction, we consider the nature of the specific legal claim raised therein." *State* v. *Evans*, supra, 784–85; see *State* v. *Delgado*, 323 Conn. 801, 810, 816, 151 A.3d 345 (2016) (if defendant fails to allege claim that, if proven, would require resentencing, sentencing court has no jurisdiction to consider motion to correct).

In the present case, the defendant alleged in his motion to correct an illegal sentence that the facts "referenced in [the 2001 PSI] report and in the supplemental

materials concerning his 1991 conviction[s] . . . [were] inaccurate and prejudicial" because the 1991 convictions were unconstitutional in three ways: (1) "they were based on contradictory assertions of the complaining witness as to whether a sexual assault had ever taken place," (2) "counsel in the 1991 case failed to investigate possible connections between organized crime figures and the complaining witness that may have tainted the complainant's credibility," and (3) "counsel was ineffective for advising [the defendant] that he should plead guilty because his case would be a 'tough case to win.'" The defendant claims that, as a result, his sentence was imposed in an illegal manner because the sentencing court "specifically rel[ied] upon unconstitutional and inaccurate information contained in the [2001 PSI report] . . . ."

In determining whether it is plausible that the defendant's second claim challenges the sentencing proceeding, as opposed to an underlying conviction, we first examine our decisions that have confronted the same issue. For example, in the relevant instances in which this court has concluded that the trial court had subject matter jurisdiction over a motion to correct an illegal sentence, the defendant claimed either that the sentencing proceeding violated our rules of practice, or that the presentence investigation report contained purported inaccuracies that did not stem from the underlying conviction. See *State* v. *Fairchild*, 155 Conn. App. 196, 202–203, 208–209, 108 A.3d 1162 (trial court had subject matter jurisdiction over defendant's motion to correct illegal sentence that claimed sentencing court, in violation of Practice Book § 43-10, "failed to give him adequate notice of the date of the sentencing hearing, and thereby denied him a meaningful opportunity for allocution and violated his due process right to contest the evidence upon which the court relied for sentencing purposes"), cert. denied, 316 Conn. 902, 111 A.3d 470 (2015); *State* v. *Bozelko*, 154 Conn. App. 750, 752, 757–58, 108 A.3d 262 (2015) (trial court had subject matter jurisdiction over defendant's motion to correct illegal sentence that claimed that "the [presentence investigation report] utilized by the sentencing court had been prepared without her input, contrary to the relevant rules of practice, depriving her of the benefit of mitigating evidence she would otherwise have presented as a basis for imposing a lesser sentence . . . [and] that the incomplete [presentence investigation report] that was prepared by [the probation officer] and furnished to the court contained material and harmful misrepresentations about her, particularly concerning her purported refusal to participate in the presentence investigation interview"); *State* v. *Charles F.*, 133 Conn. App. 698, 701, 703–704, 36 A.3d 731 (trial court had subject matter jurisdiction over defendant's motion to correct illegal sentence that claimed that "he did not receive the [presentence investigation report] forty-eight hours before

sentencing as required by Practice Book § 43-7 and that, as a result of this untimely receipt, he was unable to correct several inaccuracies, including (1) the statement in the report that the defendant did not want to include an 'offender's version,' (2) the statement in the report that the defendant's son was 'one of the victims in [the defendant's] pending case' and (3) the prosecution's statement that the defendant had committed thirty felonies" [footnote omitted]), cert. denied, 304 Conn. 929, 42 A.3d 390 (2012); *State* v. *Osuch*, 124 Conn. App. 572, 574, 576–77, 5 A.3d 976 (trial court had subject matter jurisdiction over motion to correct that claimed that sentencing court relied on presentence investigation report that contained incorrect information, including, that defendant received drug treatment and admitted to police five burglaries instead of one), cert. denied, 299 Conn. 918, 10 A.3d 1052 (2010).

Consistent with the foregoing, in the relevant instances in which this court has concluded that the trial court lacked subject matter jurisdiction over a motion to correct an illegal sentence, the defendant challenged either the facts or the viability of the underlying conviction. See *State* v. *Meikle*, 146 Conn. App. 660, 662, 663, 79 A.3d 129 (2013) (trial court lacked subject matter jurisdiction over motion to correct illegal sentence that claimed that "the shotgun introduced at [his] trial was not in fact the murder weapon and . . . the state fraudulently concealed this fact from his trial counsel" because defendant "improperly [sought] to address a trial-related claim through a motion to correct an illegal sentence"); *State* v. *Mollo*, 63 Conn. App. 487, 489, 491, 776 A.2d 1176 (trial court lacked subject matter jurisdiction over motion to correct illegal sentence in that "a latent defect existed as to the factual basis for [the defendant's] guilty plea" because "[t]he purpose of Practice Book § 43-22 is not to attack the validity of a conviction by setting it aside but, rather to correct an illegal sentence or disposition, or one imposed or made in an illegal manner"), cert. denied, 257 Conn. 904, 777 A.2d 194 (2001).

Applying the foregoing principles to the present case, we conclude that the trial court lacked subject matter jurisdiction to consider the merits of the defendant's second claim because it is not plausible that he sought to challenge the manner in which his sentence was imposed, as opposed to an underlying conviction. The defendant's second claim, unlike that in *State* v. *Fairchild*, supra, 155 Conn. App. 202–203, 208–209, does not challenge the sentencing proceeding for his 2001 convictions as violating our rules of practice.[12] Rather, the defendant claims that his sentence for the 2001 convictions was imposed illegally because the sentencing court relied on inaccurate facts contained in the 2001 PSI report regarding his 1991 convictions, which he alleged were unconstitutional because they were based on contradictory assertions of the complaining witness

and because defense counsel rendered ineffective assistance. Thus, in essence, the defendant's challenge to his 2001 sentence is predicated on his claim that his 1991 convictions were unconstitutional. The trial court lacked jurisdiction to consider this claim on the merits because it blatantly challenges his 1991 convictions, not the sentencing proceeding for his 2001 convictions.

The basis for the defendant's claim that his 1991 convictions were unconstitutional—contradictory assertions of the complaining witness and defense counsel rendering ineffective assistance—further demonstrates that his challenge is to an underlying conviction. A challenge to whether his 1991 convictions were based on contradictory statements by the complaining witness does not provide a basis for jurisdiction because, as in *State* v. *Meikle*, supra, 146 Conn. App. 662–63, and *State* v. *Mollo*, supra, 63 Conn. App. 488–90, it seeks to dispute the factual basis of his prior convictions. Indeed, the defendant's claim in the present case transcends the claims asserted in *Meikle* and *Mollo* in that it calls into question the factual basis for his 1991 convictions to which he pleaded guilty under the *Alford* doctrine, as opposed to the 2001 convictions for which he was being sentenced. Unlike the claims of factual inaccuracies stemming from the presentence investigation reports at issue in *State* v. *Bozelko*, supra, 154 Conn. App. 750, 752, 757–58, *State* v. *Charles F.*, supra, 133 Conn. App. 700–701, and *State* v. *Osuch*, supra, 124 Conn. App. 576–77, the defendant's claim in the present case directly challenges his 1991 convictions.

Likewise, his ineffective assistance of counsel claim also is directed at the viability of his 1991 convictions. In *Parker*, our Supreme Court concluded that the trial court lacked jurisdiction over the claim that defense counsel rendered ineffective assistance at the sentencing hearing because "[t]here is no specific rule authorizing a defendant to bring his ineffective assistance of counsel claim by way of a motion to correct . . . [and] the conduct by [defense counsel] of which the defendant complains cannot be construed as a violation by the *court* of the defendant's rights at sentencing." (Emphasis in original.) S*tate* v. *Parker*, supra, 295 Conn. 852; see *State* v. *Evans*, supra, 329 Conn. 781 ("the motion to correct is not another bite at the apple in place of challenges that are more properly brought on direct appeal or in a petition for a writ of habeas corpus").[13] In addition, as compared to the claim in *Parker*, the defendant's ineffective assistance claim in the present case is further attenuated from the sentencing proceeding because it is directed at the defense counsel who represented him in connection with his *Alford* plea leading to his 1991 convictions, not the defense counsel who represented him at the sentencing hearing stemming from his 2001 convictions.

We are unpersuaded by the defendant's attempt to

repackage his attack on his 1991 convictions as a claim that the 2001 sentencing court relied on inaccurate information regarding those convictions. The defendant, in his motion or otherwise, has not identified a single fact that he alleges to be inaccurate.[14] Instead, a plain reading of the defendant's amended motion to correct makes clear that the defendant claimed that the 1991 *convictions* were unconstitutional due to the ineffective assistance of his then defense counsel in failing to point out to the court contradictions in the complaining witness' assertions,[15] failing to do an adequate investigation, and advising the defendant to plead guilty. Although the defendant's 2001 sentencing proceeding may have been different had his 1991 convictions been set aside, he may not use that theoretical possibility as the basis to launch a wholesale attack, through a motion to correct an illegal sentence filed twenty-four years after he pleaded guilty and long after his sentence for the 1991 convictions had been served, on his then defense counsel's performance. Our Supreme Court could not have been more clear when it held in *State* v. *Parker*, supra, 295 Conn. 852, that the trial court lacked jurisdiction to consider the defendant's substantially similar claim. Therefore, we conclude that the court lacked subject matter jurisdiction over the defendant's second claim because it is not plausible that he sought to challenge the manner in which his sentence for his 2001 convictions was imposed, as opposed to an underlying conviction.

The form of the judgment is improper, the judgment is reversed only with respect to the denial of the defendant's motion to correct an illegal sentence as to the claim that the sentencing court relied on inaccurate facts, and the case is remanded with direction to render judgment of dismissal; the judgment is affirmed in all other respects.

In this opinion the other judges concurred.

[1] The defendant originally appealed to this court. The appeal subsequently was transferred to our Supreme Court, which then transferred the appeal back to this court pursuant to Practice Book § 65-4.

[2] "Under *North Carolina* v. *Alford*, [supra, 400 U.S. 25], a criminal defendant is not required to admit his guilt . . . but consents to being punished as if he were guilty to avoid the risk of proceeding to trial. . . . A guilty plea under the *Alford* doctrine is a judicial oxymoron in that the defendant does not admit guilt but acknowledges that the state's evidence against him is so strong that he is prepared to accept the entry of a guilty plea nevertheless." (Internal quotation marks omitted.) *State* v. *Pentland*, 296 Conn. 305, 308 n.3, 994 A.2d 147 (2010).

[3] The defendant fled the country after he testified but prior to the completion of trial, and, upon his return, he pleaded guilty in a separate proceeding to two counts of failure to appear in the first degree, and one count of failure to appear in the second degree.

[4] On April 27, 2001, prior to the sentencing hearing, defense counsel filed a "Motion for Order to Remove the State's Synopsis of the Facts from the Presentence Investigation." (Internal quotation marks omitted.) At the outset of the sentencing hearing, defense counsel argued in support of the motion that the state's synopsis detailing the facts underlying the 2001 convictions should be stricken because it contained numerous inaccuracies, including that the defendant never registered as a sex offender in connection with his 1991 convictions. The court afforded defense counsel the opportunity

to go through all of the purported inaccuracies, but counsel declined to do so. The court then denied the defendant's motion and, in accordance with defense counsel's request, ordered that the motion, the transcript, and the court's order denying the motion be attached to the 2001 PSI report.

The state, during its remarks at the sentencing hearing, recited some of the facts that were the basis for the 1991 convictions. Defense counsel objected to those statements as being unnecessary and redundant because the events leading to those convictions were set forth in the 2001 PSI report. Defense counsel did not object on the ground that any of that information was inaccurate, and neither defense counsel nor the defendant during their sentencing remarks claimed that the information regarding the 1991 convictions contained in the 2001 PSI report was inaccurate.

[5] Practice Book § 43-22 provides: "The judicial authority may at any time correct an illegal sentence or other illegal disposition, or it may correct a sentence imposed in an illegal manner or any other disposition made in an illegal manner."

[6] On August 26, 2014, the defendant, as a self-represented party, filed a motion to correct an illegal sentence that claimed that his sentence had been imposed in an illegal manner because the sentencing court "relied on false information and perjured statements—which influenced [its] sentencing decisions." The defendant then filed the amended motion to correct an illegal sentence after he had been appointed counsel.

[7] The defendant argues on appeal that the trial court misinterpreted his amended motion to correct as alleging two distinct claims. Rather, the defendant asserts that his sole claim was that "his sentence was imposed in an illegal manner due to the fact that the court failed to canvass either him or his counsel as to the accuracy of the information contained within the [2001 PSI report] (and supplemental materials provided by the state), which in turn caused the court to rely on inaccurate information about his prior conviction when imposing his sentence on the underlying conviction." We disagree with the defendant's interpretation and, thus, separately consider his two claims, as they were raised and decided before the trial court. See *State* v. *Evans*, 329 Conn. 770, 784–85, 189 A.3d 1184 (2018) (interpreting motion to correct illegal sentence to determine "specific legal claim raised therein"); *State* v. *Bozelko*, 154 Conn. App. 750, 763 n.16, 108 A.3d 262 (2015) (interpretation of claims raised in motion to correct illegal sentence is question of law).

[8] The defendant additionally argues on appeal to this court that if *State* v. *Parker*, supra, 295 Conn. 825, is determined to be controlling, that decision should be overruled. Notwithstanding the fact that this argument also was contained in his brief that originally was submitted to our Supreme Court; see footnote 1 of this opinion; we reject this argument because it is axiomatic that we cannot overrule Supreme Court precedent. See *Hadden* v. *Capitol Region Education Council*, 164 Conn. App. 41, 48–49, 137 A.3d 775 (2016) (Appellate Court is bound by and cannot overrule decisions of our Supreme Court).

[9] The defendant expressly relied on the provision of Practice Book § 43-10 (1) that provides in relevant part: "The judicial authority shall afford the parties an opportunity to be heard and . . . to explain or controvert the presentence investigation report . . . ."

[10] It is worth noting that the 2001 sentencing court invited defense counsel to discuss any and all claimed inaccuracies in the 2001 PSI report in as much detail as he wanted. See footnote 4 of this opinion. Counsel declined to do so, even though he expressed his view that the synopsis attached to the report contained so many inaccuracies that going through them could take "all afternoon." Thus, the suggestion that the defendant and defense counsel were unaware of any alleged inaccuracies in the 2001 PSI report, or that they were unable to bring those inaccuracies to the attention of the court, is wholly inaccurate.

[11] The state alternatively argues that we should decline to review this claim because it is raised for the first time on appeal, and, therefore, was not properly preserved. In light of our conclusion that the court lacked subject matter jurisdiction to consider the defendant's claim that the court relied on inaccurate information regarding his 1991 convictions, we need not reach the preservation issue.

[12] The defendant's first claim alleges that the sentencing court's failure to canvass him or his attorney as to their review and accuracy of the 2001 PSI report violated Practice Book § 43-10. We concluded in part I of this opinion that the court lacked subject matter jurisdiction over this claim pursuant to S*tate* v. *Parker*, supra, 295 Conn. 844–47.

[13] It appears that the defendant decided to attack his 1991 convictions through his motion to correct an illegal sentence because he cannot seek relief through a writ of habeas corpus. The defendant recognizes that he "was barred from seeking to overturn [the 1991 convictions] in the habeas court because he was not in custody on that sentence, and so the habeas court would be without jurisdiction to consider an ineffective assistance of counsel claim as it relates to that prior conviction." See *Richardson* v. *Commissioner of Correction*, 298 Conn. 690, 698, 6 A.3d 52 (2010) ("petitioner [must] be in custody on the conviction under attack at the time the habeas petition is filed" [emphasis omitted; internal quotation marks omitted]).

[14] Most recently, at oral argument before this court, defense counsel was asked to identify any such inaccuracies and could not.

[15] The precise language used in the amended motion is that "the 1991 convictions were unconstitutional because they were based on contradictory assertions of the complaining witness as to whether a sexual assault had ever taken place." There is, of course, no rule, constitutional or otherwise, that requires that convictions can be based only on uncontroverted, completely consistent evidence. The only conceivable basis for the defendant's claim, therefore, is that his then counsel's performance was constitutionally deficient for failing to bring the purported contradictions to the court's attention.

---