******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* JOSE E. RAMOS
(AC 42330)

DiPentima, C. J., and Keller and Bright, Js.

*Syllabus*

The defendant, who had been convicted of the crime of murder, appealed
to this court from the judgment of the trial court denying his motion
to correct an illegal sentence. In his motion to correct, the defendant
sought to have the court vacate the judgment of conviction on the ground
that he was not the defendant named in the charging instrument and,
thus, that the court lacked jurisdiction over him. The trial court denied
the motion to correct on the ground that the claim raised therein did
not challenge the legality of the sentence imposed. *Held* that although the
trial court correctly determined that the defendant's motion to correct
an illegal sentence was not the proper procedural vehicle to raise his
claim concerning the legality of his conviction, the trial court should
have dismissed, rather than denied, the motion to correct, as it raised
claims that did not challenge the legality of the sentence imposed or
the disposition made during the sentencing proceeding, and, therefore,
the court lacked jurisdiction over the motion.

Argued October 23—officially released November 26, 2019

*Procedural History*

Substitute information charging the defendant with the crime of murder, brought to the Superior Court in the judicial district of New London and tried to the jury before *A. Hadden, J.*; verdict and judgment of guilty; thereafter, the court, *Strackbein, J.*, denied the defendant's motion to correct an illegal sentence, and the defendant appealed to this court. *Improper form of judgment*; *judgment directed.*

*Jose E. Ramos*, self-represented, the appellant (defendant).

*Brett R. Aiello*, special deputy assistant state's attorney, with whom, on the brief, were *Michael L. Regan*, state's attorney, and *Lawrence J. Tytla*, supervisory assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The self-represented defendant, Jose E. Ramos, appeals from the judgment of the trial court denying his motion to correct an illegal sentence.[1] In 2016, following a jury trial, the defendant was convicted of murder in violation of General Statutes § 53a-54a.[2] Thereafter, the court, *A. Hadden, J.*, imposed a sentence of sixty years of incarceration. In his motion to correct, filed on September 5, 2018, the defendant asked the court to reverse or vacate the judgment of conviction on the ground that the court lacked jurisdiction over him because he "is not the defendant named in the charging instrument." The defendant also presented the court with a memorandum of law that, in his view, supported his claim. The court, *Strackbein, J.*, heard argument on the motion on October 12, 2018. In its October 16, 2018 memorandum of decision, the court, noting that the defendant's arguments in support of the motion generally were incomprehensible, nonetheless accurately distilled his arguments to be his assertion that he is a "sovereign citizen," and, therefore, his conviction was illegal because he was not subject to the jurisdiction of the court. The court reasoned that the arguments raised by the defendant in the motion to correct did not challenge the legality of the sentence imposed, assert a violation of his double jeopardy rights, or implicate any of the established criteria on which it could afford him any relief with respect to the sentence imposed. The court denied the motion to correct, and this appeal followed.[3]

Recently, this court reiterated the settled principles of law that govern motions to correct an illegal sentence as follows: "[Our Supreme Court] has held that the jurisdiction of the sentencing court terminates once a defendant's sentence has begun, and, therefore, that court may no longer take any action affecting a defendant's sentence unless it expressly has been authorized to act. . . . Practice Book § 43-22, which provides the trial court with such authority, provides that [t]he judicial authority may at any time correct an illegal sentence or other illegal disposition, or it may correct a sentence imposed in an illegal manner or any other disposition made in an illegal manner. An illegal sentence is essentially one which either exceeds the relevant statutory maximum limits, violates a defendant's right against double jeopardy, is ambiguous, or is internally contradictory. . . . We previously have noted that a defendant may challenge his or her criminal sentence on the ground that it is illegal by raising the issue on direct appeal or by filing a motion pursuant to § 43-22 with the judicial authority, namely, the trial court. . . . Simply stated, a challenge to the legality of a sentence focuses not on what transpired during the trial or on the underlying conviction. In order for the court to have jurisdiction over a motion to correct an illegal sentence

after the sentence has been executed, the sentencing proceeding, and not the trial leading to the conviction, must be the subject of the attack." (Citations omitted; internal quotation marks omitted.) *State* v. *Battle*, 192 Conn. App. 128, 134–35,      A.3d      (2019); see also *State* v. *Lawrence*, 281 Conn. 147, 158–59, 913 A.2d 428 (2007).

On the basis of our review of the record and the arguments advanced by the defendant before this court, we conclude that the trial court correctly determined that the defendant's motion to correct was not the proper procedural vehicle to raise the claim set forth therein because, properly construed, it attacks the validity of the defendant's underlying conviction. We conclude, however, that the court should have dismissed, rather than denied, the motion. As we previously have determined, a trial court lacks subject matter jurisdiction and, therefore, should dismiss claims raised in a motion to correct that do not challenge the legality of the sentence imposed or disposition made during a sentencing proceeding. See, e.g., *State* v. *Brown*, 192 Conn. App. 147, 155,      A.3d      (2019); *State* v. *Walker*, 187 Conn. App. 776, 794–95, 204 A.3d 38, cert. denied, 331 Conn. 914, 204 A.3d 703 (2019); *State* v. *Gemmell*, 155 Conn. App. 789, 791, 110 A.3d 1234, cert. denied, 316 Conn. 913, 111 A.3d 886 (2015); *State* v. *Smith*, 150 Conn. App. 623, 636–37, 92 A.3d 975, cert. denied, 314 Conn. 904, 99 A.3d 1169 (2014).

The form of the judgment is improper, the judgment denying the defendant's motion to correct an illegal sentence is reversed and the case is remanded with direction to render judgment dismissing the motion for lack of subject matter jurisdiction.

[1] The defendant represented himself before the trial court in bringing the motion to correct, and he represents himself before this court in bringing the present appeal.

[2] See *State* v. *Ramos*, 178 Conn. App. 400, 175 A.3d 1265 (2017) (affirming judgment of conviction), cert. denied, 327 Conn. 1003, 176 A.3d 1195, cert. denied,      U.S.     , 138 S. Ct. 2656, 201 L. Ed. 2d 1056 (2018).

[3] The defendant filed the appeal in our Supreme Court. The Supreme Court transferred the appeal to this court pursuant to Practice Book § 65-4.